| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>Ashley Rose, Esq.<br>Sandelands Eyet LLP<br>1545 US Highway 206, Suite 304<br>Bedminster, NJ 07921<br>Telephone No.: 908-470-1200<br>Fax No.: 908-470-1206<br>*Attorneys for Secured Creditor* | Case No. 18-26407-JKS<br>Adv. No. 18-01538-JKS<br><br>Chapter:   11<br><br>Hearing Date: December 18, 2018<br><br>Judge:    John K. Sherwood |
| In Re:<br><br>FRANCISCUS MARIA DARTEE ,<br><br>                         Debtor(s). | |
| FRANCISCUS MARIA DARTEE,<br>                         Plaintiff,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON CORPORATION AS TRUSTEE FOR STRUCTURED ASSET MORTGAGE INVESTMENTS II INC. MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR7,<br>                         Defendant. | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DIMISS PLAINTIFF'S ADVERSARY COMPLAINT WITH
PREJUDICE**

**I.    Preliminary Statement**

Franciscus Dartee, Debtor, filed this adversary proceeding alleging a wide variety of

claims against defendant Bank of New York Mellon Corporation ("BNY" or "Movant")

1

including violations of the Real Estate Settlement Procedures Act ("RESPA"), directly related to purported loan modification efforts. Debtor also raises claims going to standing and ownership of the debt, seeks claims for "offset" and asserts nonsensical claims about silver bonds.

As a result, Debtor apparently seeks to rescind the Sheriff Sale which occurred on October 25, 2018. The problem is he is presently seeking that very same relief via a motion to vacate sale in the Superior Court of New Jersey, Chancery Division, Morris County.

There are several other problems. The foremost being that by virtue of an October 24, 2018 order granting relief from stay, *the mortgaged property at issue, and therefore the entire subject of the pending foreclosure action between the parties is no longer an asset of the bankrupt estate in this matter.* Second is that the RESPA issues were fully litigated in the Special Civil Part, Morris County, in September. Finally, standing and ownership of the debt was long ago adjudicated in the pending foreclosure action, and Movant has fully proven its prima facie case. Final Judgment was entered, the Sheriff sale has occurred.

In this action, Debtor attempts to re-litigate the same issues that he has via the Superior Court foreclosure action, a prior bankruptcy action, the Special Civil Part actions and appeals. Debtor has previously lost in many attempts to delay the sale or stay the sale, and now seeks another bite at the apple. Finally, due to the extensive history of this default and the pending litigation, Debtor is precluded by the Rooker Feldman doctrine and the doctrine of *res judicat*a which both prohibit a review of a state court action. And, as noted, the "res" or the property which is the subject of the dispute between the parties here is not part of the bankrupt estate and therefore no longer subject to this Court's jurisdiction.

## II. Summary of Facts and Procedural History

On June 8, 2006, Franciscus Dartee and Margaretha Dartee (Franciscus Dartee hereinafter referred to as "Plaintiff" or "Debtor") executed a note in the amount of $1,400,000.00 in favor of Countrywide Bank, N.A.[1] To secure payment of the aforementioned obligation, Plaintiff executed a mortgage granting Mortgage Electronic Registration Systems, Inc. as nominee for Countrywide Bank, N.A. a security interest in the premises commonly known as 12 Moonshadow Court, Kinnelon, NJ 07405 (hereinafter the "Property"). The mortgage was duly recorded, and has previously been submitted to this Court. (*See* ECF Doc No. 29-1, 18-26407-JKS). The assignments of mortgage have also been submitted to the Court, and Secured Creditor BNY is the present assignee.

On October 28, 2014, based on Debtor's failure to make timely payments, Movant filed a foreclosure action in Morris County as Docket No. F-45047-14 (the "Foreclosure Action"). The mortgage was and remains due for May 1, 2010 and all subsequent payments.

Final Judgment in the amount of $2,065,724.12 was entered in the Foreclosure Action on June 16, 2017. The Property was thereafter scheduled for Sheriff Sale on September 13, 2017, September 28, 2017 and October 6, 2017. It was again scheduled for November 16, 2017.

On that date, Plaintiff filed for protection under Chapter 13 of Title 11 of the United States Bankruptcy Code, Case No. 17-33247-JKS (the "First Filing"). On or about May 4, 2018 Movant obtained stay relief as to the Property in the First Filing. The First Filing was formally closed on August 8, 2018, according to the publicly available court docket. The Sheriff sale was then rescheduled **again** for August 16, 2018.

---

[1] Movant fully incorporates by reference the detailed statement of facts with exhibits submitted to this Court on October 15, 2018 in the lead Bankruptcy matter, 18-26407-JKS in connection with the Motion for Relief from Stay. *See* ECF Doc No. 29.

On August 15, 2018 Debtor filed an Emergent application for Stay of Sheriff sale in the Foreclosure Action, same was denied. Later that day, one week after closure of the First Filing, Debtor filed for protection under the Bankruptcy Code, Chapter 11, Case No. 18-26407-JKS (the "Second Filing").

On October 24, 2018 Movant obtained an order for relief from stay from this Court, and also for *prospective relief to prevent future bankruptcy filings*. *See* **Exhibit D** attached to Certification of Counsel ("Counsel Cert.") Debtor sought reconsideration of that order; reconsideration was denied (*See* **Exhibit E** attached to Counsel Cert.) and the Sheriff Sale was permitted to go forward on October 25, 2018.

At nearly noon that day, Movant was notified that Debtor filed an emergent stay application in the Foreclosure Action to stay sale. The Sale was scheduled for 2:00 pm that afternoon. Debtor made the same argument in court on the day of the emergent stay application that he makes herein relative to "dual tracking".

The Sheriff sale was held on October 25, 2018 during the Court hearing and Debtor has a pending motion to vacate the Sheriff sale in the foreclosure action.

### III. Legal Argument

A.    The Standard on a Motion to Dismiss

Motions to dismiss for failure to state a claim are governed by *Fed. R. Civ. P. 12(b)(6)* (made applicable herein by *Fed. R. Bankr. P. 7012(b))*. A motion made under Rule 12(b)(6) challenges the legal sufficiency of the claim in order to determine whether it should proceed. Morris v. Azzi, 866 F. Supp. 149, 152 (D.N.J. 194). The purpose of such a rule is to "eliminate actions that are fatally flawed in their legal premise and destined to fail, and thus spare the litigants

4

the burdens of unnecessary pretrial and trial activity." Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., 988 F.2d 1157, 1160 (Fed. Cir. 1993).

Likewise, *Fed. R. Civ. P. 12(b)(1)* permits a defendant to bring a motion for lack of subject matter jurisdiction. Without jurisdiction, a court cannot proceed at all in any case. Steel Co. V. Citizens for a Better Env't., 523 U.S. 83, 94-95 (1998). Under the Rooker-Feldman doctrine, federal courts lack subject-matter jurisdiction in "cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 285 (2005).[2]

In all cases the burden in on the plaintiff, here the Debtor, to establish subject matter jurisdiction. Carpet Group Int'l v. Oriental Rug Imp. Ass'n., 227 F. 3d 62, 69 (3d Cir. 2000). When there is any question involving federal jurisdiction, such jurisdiction must be shown affirmatively." Shipping Fin. Servs. Corp. v. Drakos, 140 F. 3d 129, 131 (2d Cir. 1998). The Court will not draw any "inferences favorable to the party asserting it." Id.

B. The Rooker-Feldman Doctrine Bars Debtor's Claims

The Rooker-Feldman doctrine precludes litigants from using the federal courts to appeal unfavorable decisions from the state court system. Under this doctrine, a "plaintiff may not initiate a federal court action that: (1) directly challenges a state court holding or decision; or (2) indirectly challenges a state court holding or decision by raising claims in federal court that are inextricably intertwined with the state court judgment, even if the claim is that the state court's action was

---

[2] The Court may consider documents referenced in the Complaint and the pleadings filed in the State Court action. Documents incorporated by reference in the complaint are integral to the claim; matters of public record and items appearing of record in the case are deemed part of the pleading and may be considered. *See* Buck v. Hampton Twp. Sch. Dist., 452 F. 3d 256, 260 (3d Cir. 2006).

5

unconstitutional." Dockery v. Culley & Dykman, 90 F. Supp. 2d 233, 236 (E.D.N.Y. 2000). *See also*, In re Albanes, 560 B.R. 155, 170 (Bankr. D.N.J. 2016).

Movant submits that this Adversary Proceeding falls squarely within the Rooker-Feldman doctrine as Debtor's claims here are not only intertwined with the state court foreclosure judgment, the claims were litigated in the Foreclosure Action as well as other state court actions. Debtor currently has a pending Motion to Vacate Sheriff Sale in the Foreclosure Action, F-45047-14. Arguments presented in that motion are virtually identical to many of those asserted in the instant proceeding.

Debtor's claims in this matter can essentially be divided into four (4) sections, and all are barred due to the state court proceedings. First, paragraphs 1-26 of Debtor's complaint deal with RESPA and Qualified Written Request ("QWR") issues. These very issues were the subject of two separate Special Civil Part lawsuits filed by Debtor. In a court hearing on the record, Judge Maenza pointedly ruled that the Special Civil part claims were *barred by the Entire Controversy Doctrine due to the pending foreclosure action*. Judge Maenza ordered the matter pending before him to be dismissed and indicated the other matter soon to be pending would be dismissed as well. Debtor then withdrew the second action. (*See* **Exhibits B and C** to Counsel Cert.)

Second, paragraphs 27-38 of Debtor's complaint deal with the very issue argued before Judge Brennan on the emergent motion to vacate sheriff sale on October 25, 2018 in the Chancery Division. This issue concerns Debtor's loan modification application. The very argument is also the subject of a pending motion to vacate sale. Debtor cannot bring these matters in two courts at the same time.

Third, paragraphs 39-53 attempt to raise standing issues long since adjudicated in the Foreclosure Action. Debtor is clearly throwing every potential claim into this Adversary

6

Proceeding in a blatant attempt to obtain a different result than he has obtained to date in the Superior Court of New Jersey.

Fourth, paragraphs 54 to the end of the complaint entitled, "Claims in Offset" are simply nonsensical and do not merit response other than to say that these "Claims" are merely one more way that Debtor is attempting in this matter to interfere with the rulings of the Superior Court of New Jersey.

### C. The Property is no longer property of the Bankruptcy Estate

In addition to all the foregoing, this Court's Order of October 24, 2018 (ECF No. 38, and **Exhibit D** to Counsel Cert.) vacated the automatic stay as to the Property and permitted Movant to proceed with the foreclosure. It is undisputed that the *subject premises are no longer an asset of the bankruptcy* being governed by this Court.

### D. Res Judicata Bars Debtor's Claims

Even if Debtor's claims could survive the Rooker-Feldman doctrine (which Movant believes they do not), *res jud*icata, or claim preclusion, prohibits Debtor from using a federal action as a means to overturn or seek damages based upon state court actions or previously adjudicated disputes. Under *res judicata*, a final judgment on the merits of an action precludes the parties from re-litigation issues that were or could have been raised in that action. In re Mullarkey, 536 F. 3d 215, 225 (3d Cir. 2008). *See als*o, Lubrizol Corp. v, Exxon Corp., 929 F. 2d 960, 963 (3d Cir. 1991).

Debtors have thoroughly litigated the Foreclosure Action. Summary judgment was entered in that matter in March of 2016. As the Foreclosure docket summary plainly indicates (*See* **Exhibit A** to Counsel Cert.) **since that time**, Debtor has filed: a motion to dismiss the complaint, objection to amount due, motion to reconsider, motion to vacate, motion to stay sheriff sale (October 2017),

another motion to dismiss, emergent application to stay sheriff sale (August 2018) and the present motion to vacate sheriff sale, returnable on December 7, 2018. Debtor has also filed two bankruptcies, two Special Civil Part actions and appeals. To say that Debtor has had every opportunity to challenge Movant's right to foreclose would be an understatement.

At this juncture, Debtor is precluded from using the federal Bankruptcy court to obtain a different result than that obtained in the state court on all of the interrelated issues relating to the Property. This Adversary Proceeding is just another attempt by the Debtor to raise the same issues in different courts. This type of activity must be barred by *res judicata*.

## II. Conclusion

Plaintiff's meritless adversary complaint is filed for the same purpose as his many other filings in many courts—to cause delay in the underlying Foreclosure Action and to interfere with the Sheriff Sale. The Property which is the subject of that sale and which is the *only* connection between the parties in this Adversary Proceeding is no longer an asset of the bankrupt estate.

The Adversary complaint fails to state a claim, is barred by the Rooker-Feldman doctrine and *res judicata* and Debtor cannot affirmatively establish jurisdiction.

For the forgoing reasons, Movant respectfully requests the Court Dismiss Plaintiff's Adversary Complaint with Prejudice.

By: */s/ Ashley Rose*  
Ashley Rose, Esq.  
SANDELANDS EYET LLP  
Attorneys for Secured Creditor

Dated: November 26, 2018

8